IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MILAN,

    Plaintiff,

vs.

KYRK A. PYROS, RONALD
DEVERSE, THE GEORGE
WASHINGTON, L.P., PYRSQUARED
GROUP, INC. PYRSQUARED
MANAGEMENT CO., INC. and
K.P. BUILDERS, INC.,

    Defendants.

Civil Action No. 08-320

## MEMORANDUM OPINION & ORDER

Presently before the Court are Defendant Ronald Deverse's Motion to Dismiss (Doc. 111), Defendant Kyrk A. Pyros' (as an individual) Motion for Summary Judgment (Doc. 126); and Defendants Kyrk Pyros (as General Partner and/or Owner of KP Builders) and KP Builders' Motion for Summary Judgment (Doc. 129).

Mr. Deverse argues for dismissal of Count VII of Plaintiff's Second Amended Complaint as asserted against him for failure to state claim upon which relief can be granted. Count VII sets forth, in part, a claim that Defendants violated the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-2. We agree with Mr. Deverse that this claim should be dismissed as asserted against him because he was not a participant in the sale of goods or services. Klein v. Boyd, 949 F.Supp. 280, 284 (E.D.Pa. 1996). We also agree that Count VII should be dismissed because there is no genuine issue of fact that Mr. Milan cannot show that he suffered any "ascertainable loss of money or property, real or personal," as a result of the complained of conduct in Count VII. 73 Pa.C.S.A. § 201-9.2

We disagree with Kyrk Pyros (as General Partner and/or Owner of KP Builders, Inc.) and KP Builders, Inc. that they are entitled to judgment as a matter of law as to Count VI. Whether their conduct constitutes coercion, intimidation, a threat, or interference with Mr. Milan's rights pursuant to section 3617 of the Fair Housing Amendments Act is a question for the jury.

Both Mr. Deverse and Mr. Pyros argue that they cannot be held individually liable. Mr. Deverse argues that he cannot be held individually liable because he was acting in the course and scope of his employment. Mr. Pyros argues that he cannot be held individually liable as a matter of Pennsylvania law. We disagree. The provisions of the Far Housing Amendments Act "declare certain housing practices to be unlawful without specifying who may be held responsible for these practices." Housing Discrimination Law and Litigation, § 12B:1 (June 2008). "Thus, anyone who commits one of the acts proscribed by the statute's substantive provisions is liable to suit. Id. "It is clear that the Fair Housing Act allows for claims to be brought against individual Defendants." Housing Opportunities Project For Excellence, Inc. v. Key Colony No. 4, 510 F.Supp.2d 1003, 1013 (S.D.Fla. 2007) (citing Meyer v. Holley, 537 U.S. 280, 285, 123 S.Ct. 824 (2003)).

In Housing Opportunities Project For Excellence, the Court found that "the fact that [the building manager] committed the alleged actions in the course and scope of her employment is irrelevant," and that it was "clear that an employee acting in the course and scope of her employer is still liable for her own unlawful conduct." Housing Opportunities Project For Excellence, 510 F.Supp.2d at 1014 (citing Dillon v. AFBIC Development Corp., 597 F.2d 556, 562 (5th Cir.1979).

Likewise, an owner may be subject to liability under the Act. City of Chicago v. Matchmaker Real Estate Sales Center, Inc., 982 F.2d 1086 (7th Cir. 1992) (owner-chief executive officer of real estate firm held liable, along with his company, for discriminatory practices of firm's sales agents). The United States Supreme Court characterized the Matchmaker case as holding the individual "directly, not vicariously, liable." Meyer, 537 U.S. at 289, 123 S. Ct. at 831. See also United States v. Big D Enterprises, Inc., 184 F.3d 924, 928-31 (8th Cir. 1999), cert. denied, 529 U.S. 1018 (2000) (individual owner-president of apartment management company held liable along with the company for employees' discrimination where owner-president personally instructed employees not to rent to black applicants); Moss v. Ole South Real Estate, Inc., 933 F.2d 1300, 1312 (5th Cir. 1991) (corporate officers who "directly participated in discrimination or authorized

2

discrimination . . . may be held personally liable" along with their corporation for Fair Housing Act violations of corporation's sales agents); <u>Northside Realty Associates, Inc. v. United States</u>, 605 F.2d 1348, 1353-54 (5th Cir. 1979) (president and vice-president of corporate real estate firm held individually liable along with the firm for sales agent's discrimination where officers either instructed or encouraged agents to discriminate). Accordingly, we will deny both Mr. Deverse's and My Pyros' motions with respect to their argument that they cannot be held individually liable.

The following Order is hereby entered.

AND NOW, this 18th day of May, 2009, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant Ronald Deverse's Motion to Dismiss (Doc. 111) be and hereby is GRANTED as to Count VII of Plaintiff's Second Amended Complaint, and DENIED in all other respects.

2. Defendants Kyrk Pyros (as General Partner and/or Owner of KP Builders) and KP Builders' Motion for Summary Judgment (Doc. 129) be and hereby is GRANTED as to Count VII of Plaintiff's Second Amended Complaint, and DENIED in all other respects.

3. Defendant Kyrk A. Pyros' Motion for Summary Judgment (Doc. 126) be and hereby is DENIED.

IT IS FURTHER ORDERED that Count VII of Plaintiff's Second Amended Complaint is dismissed.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Counsel of record